**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------X
SAJIDA BANO, et al.,            :
       Plaintiff,       :   99 Civ. 11329 (JFK)
  -against-              :   **OPINION AND ORDER**
                                :
UNION CARBIDE CORP. and         :
WARREN ANDERSON,                :
       Defendants.      :
------------------------------X

<u>APPEARANCES</u>:

    For Plaintiffs Sajida Bano, et al.:

        Richard S. Lewis, Esq.
        1100 New York Ave., NW
        Suite 500 West
        Washington, DC 20005

        H. Rajan Sharma, Esq.
        36 Ravenwood Court
        Edison, NJ 08820

        Curtis V. Trinko, Esq.
        16 West 46th St., Seventh Floor
        New York, NY 10036

        Richard Herz, Esq.
        Lillian Pinzon, Esq.
        EarthRights International
        1612 K Street, NW Suite 401
        Washington, DC 20006

    For Defendants Union Carbide Corp. and Warren Anderson:

        William A. Krohley, Esq.
        William C. Heck, Esq.
        Kelley Drye & Warren, LLP
        101 Park Avenue
        New York, NY 10178


**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN**, United States District Judge:

Preliminary Statement

Before this Court are objections to and motions for reconsideration with regard to a Report and Recommendation ("Report") issued by Magistrate Judge Pitman, denying Plaintiffs' claims for class certification and intervention of additional class representatives. The Magistrate Judge's Report is affirmed and adopted in its entirety, with a few small clarifications discussed below.

Procedural History

On November 15, 1999, Plaintiffs Haseena Bi and several organizations representing the residents of Bhopal, India filed a class action complaint against Defendants asserting claims for personal injuries and property damage under the Alien Tort Statute, 28 U.S.C. § 1350, for alleged human rights violations arising out of the Bhopal gas disaster in India on December 2-3, 1984. The Court presumes a basic familiarity with the facts surrounding this ghastly chapter in human history. See In re Union Carbide Corp. Gas Plant Disaster, 634 F. Supp. 842, 844 (S.D.N.Y. 1986) (recounting the disaster). Plaintiffs amended their complaint to add claims under New York common law for alleged environmental pollution in and around the Bhopal plant ("UCIL site"). On August 28, 2000, this Court granted Defendants' motion to dismiss and/or for summary judgment and

dismissed all claims in Bi's amended complaint. Bano v. Union Carbide Corp., No. 99 Civ. 11329, 2000 WL 1225789 (S.D.N.Y. Aug. 28, 2000) ("Bano I"). The Second Circuit Court of Appeals affirmed in part but remanded Bi's New York law environmental claims. Bano v. Union Carbide Corp., 273 F.3d 120 (2d Cir. 2001) ("Bano II").

On March 18, 2003, this Court granted Defendants' motion to dismiss and/or for summary judgment and dismissed the remaining environmental claims. Bano v. Union Carbide Corp., No 99 Civ. 11329, 2003 WL 1344884 (S.D.N.Y. Mar. 18, 2003) ("Bano III"). The Court found that (1) Bi's claims for personal injuries and property damage were time-barred under New York law, (2) the organizations lacked standing to pursue damages claims, reimbursement for costs of medical monitoring, and remediation on behalf of its members, and (3) an injunction seeking remediation of the plant site was improper because of impracticability. Id. at *3-*9. On March 17, 2004, the Second Circuit affirmed most of the dismissals, except with respect to "Bi's claims for monetary and injunctive relief for alleged injury to her property." Bano v. Union Carbide Corp., 361 F.3d 696, 701 (2d Cir. 2004) ("Bano IV"). The Circuit remanded these claims with instructions to consider whether Bi may pursue them as a class action. Id. at 712-13, 717. The Circuit further noted that this Court was free to reconsider the dismissal of the injunction seeking plant-site

remediation "in the event the Indian government or the State of Madhya Pradesh seeks to intervene in the action or otherwise urges the court to order such relief." Id. at 717.

The Court subsequently received a letter from the Union of India, dated June 28, 2004, but neither India nor Madhya Pradesh has sought intervention. The letter states that India has no objections to remediation, and that it will cooperate in any clean-up effort. It further states that India does not,

> submit . . . to the jurisdiction of the United States District Court . . . [and is] entitled to sovereign immunity under international law and do[es] not waive those immunities by this submission.

On remand, Plaintiffs seek class certification for clean-up of the UCIL site and the aquifer below the site of a class comprised of "present residents" of 14 townships that are "contiguous with the UCIL plant" (Tr. of Oral Argument at 9 (April 28, 2005)). Plaintiffs also seek intervention of additional class representatives. These issues were referred to Magistrate Judge Pitman who, in his Report to this Court, denied both motions. Judge Pitman concluded that Plaintiffs could not intervene in or certify a class for a claim of onsite remediation because onsite remediation was dismissed from the case. Bano v. Union Carbide Corp., No 99 Civ. 11329 (S.D.N.Y. Aug. 12, 2005) (Report and Recommendation) (Pitman, M.J.) ("Report").

Plaintiffs made timely objections to the Magistrate Judge's denial of class certification, and filed a motion for

3

reconsideration. Plaintiffs contend that Judge Pitman overlooked a claim for offsite remediation. This claim, they argue, is still in the case, and should be certified.

Having carefully reviewed the Magistrate Judge's Report and both parties' objections and motion papers, this Court affirms the Magistrate Judge's decision and elects to adopt the Magistrate Judge's Report in its entirety. A few issues, however, bear clarification in light of confusion in the motion papers and objections, and are therefore discussed below.

## Discussion

As a threshold matter, the Plaintiffs have requested intervention and certification for a type of injunctive relief that does not survive the Second Circuit's opinion in Bano IV. In Bano IV, the Second Circuit affirmed this Court's dismissals, except with regard to "Bi's claims for monetary and injunctive relief for alleged injury to her property." Bano IV, F.3d at 701 (emphasis added). The Plaintiffs, however, seek intervention in and certification of a claim for remediation, not of Bi's

4

property, for it appears Bi does not own any affected property,[1] but of the UCIL site and an aquifer located under the site.

At the opening of oral arguments before the Magistrate Judge to consider class certification, the Plaintiffs opened by stating: "Plaintiffs are here today to request certification . . . for an injunction to clean up the . . . Union Carbide site in Bhopal, India" (Tr. of Oral Argument at 3). Plaintiffs believed their claim for plant-site remediation had been automatically resurrected by the letter from the Indian government (Tr. of Oral Argument at 3-5). This assumption is incorrect. The Second Circuit held that this Court was <u>free</u> to reconsider the issue of onsite remediation if India intervened or sent a letter urging clean-up. This Court, however, was under no obligation to reconsider onsite remediation. Receipt of the letter does not automatically revive the claim.

It is also important to note that the Union of India's letter does not solve any of the logistical problems addressed by this Court in its initial dismissal of Plaintiffs' remediation claims:

> A court will not grant equitable relief where it "appears to be impossible or impracticable." UCC now has no

---

[1] In the amended complaint Bi never claims to be an owner of property in one of the 14 townships included in the putative class definition (Am. Compl. ¶ 6). The Magistrate Judge mentioned this in his Report, and Defendants raised this in Response papers. Plaintiff has made no objection or reply or offered proof to the contrary.

5

> connection with the property and has not had any control
> over it for several years. Ordering remediation by the
> defendants would be ineffectual as they have no means or
> authority to carry it out. . . . While Plaintiffs
> correctly acknowledge that the Indian government would
> cooperate with any measure imposed, that cooperation does
> not mandate this Court to order remediation by UCC. The
> Court does not wish to direct a foreign government as to
> how that state should address its own environmental
> issues. This court would have no control over any
> remediation process ordered. This would render the
> injunctive relief ineffectual.

Bano III at *8 (internal citations omitted).

The Second Circuit agreed and confirmed dismissal of injunctive relief based on sovereignty problems and "concerns . . . as to the difficulty that a United States court would have in controlling and overseeing the progress of remediation in India." Bano IV at 717. A District Court sitting in New York cannot be expected to control a clean-up effort 8,000 miles away. Furthermore, because the Union of India does not submit to the Court's jurisdiction, India is under no obligation to aid remediation. The Magistrate Judge correctly informed Plaintiffs that onsite remediation is no longer in the case.

The Magistrate Judge then asked if Plaintiffs were seeking any remediation of individual properties:

> THE COURT: But just so I'm clear, the injunctive relief
> you're seeking on behalf of the class is the clean up of
> the site and the aquifer.
>
> MR. LEWIS: Correct.
>
> THE COURT: You're not talking about remediation of
> individual properties?

>     MR. LEWIS:  That's correct, Your Honor, although I have
>     to qualify –
>
>     THE COURT:  Apart from, I guess, the flow through effect
>     that cleaning up the aquifer will have.
>
>     MR. LEWIS:  Apart from the migration of off-site
>     contamination which originates on the UCIL site.

(Tr. of Oral Argument at 25).

This above quoted text is a request for onsite remediation, which was dismissed by this Court, and the dismissal was affirmed by the Second Circuit.

Nonetheless, Plaintiffs contend that the Magistrate Judge erred in failing to consider their offsite remediation claims for certification. Plaintiffs only offsite claims, however, are with regard to the "flow-through effect" described above, and the possibility of placing a pump offsite to clean the aquifer (Tr. of Oral Argument at 71). Even if the aquifer could be cleaned by an offsite pump, this claim does not involve an injunction with regard to property owned by Bi or remediation of individual properties. This is not the type of offsite injunctive relief contemplated by the Second Circuit. The Second Circuit affirmed this Court's dismissals of all injunctive relief, with one narrow exception; with regard to "Bi's claims for monetary and injunctive relief for alleged injury to her property." Bano IV, 361 F.3d at 701. Plaintiffs' claims do not meet this narrow exception.

Even if the issues for which Plaintiffs seek class certification and intervention remained in the case, certification would be denied because the claim does not satisfy the requirements of Fed.R.Civ.P. Rule 23, which governs class certification procedure. The Magistrate, in a detailed and thorough discussion of Plaintiffs' claim, concluded that Plaintiffs satisfied most of Rule 23's requirements, with an important exception worth noting here: Judge Pitman questioned the adequacy of class representation.

Rule 23(a)(4) allows certification only if "the representative parties will fairly and adequately protect the interests of the class." Plaintiff Bi admits that she lacks substantial financial resources. Report at 26. The Magistrate observed that, "Plaintiffs have offered no evidence indicating their awareness and acknowledgment of their responsibility for the costs of the class action." Id. at 27. The Magistrate provided Plaintiffs with the opportunity to cure this defect by submitting "material of evidentiary weight" establishing their awareness of and responsibility for the class action costs. Id. at 28. To date, Plaintiffs have not submitted such materials. Plaintiffs have not demonstrated that they will adequately represent the class. Regardless, Plaintiffs' claims for intervention and class certification are denied because the underlying claim is no longer in the case.

8

## Conclusion

The Magistrate Judge properly denied the Plaintiffs' motions for class certification and intervention. This Court cannot allow Plaintiffs to intervene in or to certify a class for a claim that was dismissed. Even if the claim remained in the case, the putative class would not be certified because it fails Rule 23's requirements. Finally, because Bi owns no property, Plaintiffs can bring no viable claim. The action is dismissed and ordered removed from the Court's docket. In view of this decision, there is no need for a pre-motion conference suggested by Mr. Richard S. Lewis, counsel for Plaintiff, in his letter of August 26, 2005.

**SO ORDERED.**

Dated:     New York, New York
           October 5, 2005

*John F. Keenan*

**JOHN F. KEENAN**
United States District Judge

9